# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin

Michael Cilento
Roberto Ledesma
Justin Mercer
Lauren Valli

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _8/5/2020_

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: david@iLawco.com

June 29, 2020

**VIA ECF**
Judge Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. New York, NY 10007-1312

*Dr. Muhammad Mirza and Allied Medical and Diagnostic Services, LLC v. John Does #1-4, Civil Action No. 1:20-cv-01205-MKV*

Dear Judge Vyskocil:

    I am counsel for Dr. Muhammad Mirza and Allied Medical Diagnostic Services, LLC ("Plaintiffs") and write regarding the Court's order of February 14, 2020 allowing for expedited discovery in this case.

    As the Court is familiar, Plaintiffs brought this action on February 11, 2020 for defamation and tortious interference against certain John Doe defendants for their false and defamatory "reviews" about Plaintiffs on the website Yelp.com ("Yelp"). On February 12, Plaintiffs sought leave to serve third-party subpoenas pursuant to Federal Rule of Civil Procedure 45 in order to identify John Does #1-4. Plaintiffs stated that Yelp.com and additional third parties, such as the Defendants' internet service providers, have information and/or documents in their possession, custody or control which would positively identify the Defendants.

    On February 14, 2020, Your Honor granted Plaintiffs' request for expedited discovery, stating correctly that "[w]ithout leave to conduct expedited discovery, plaintiffs have no way to identify and serve defendants or to seek relief for their alleged injuries." Accordingly, the Court ruled that, with certain conditions, "Plaintiffs may serve **Yelp.com and defendants' internet**

LEWIS & LIN LLC

**service providers** (if known) with a Rule 45 subpoena seeking information sufficient to identify each unidentified defendant." (emphasis added).

In accordance with the Court's order, in or around March 2020, Plaintiffs served a subpoena on Yelp in attempt to obtain the identity of the defendants. On May 13, 2020 Yelp responded to the subpoena and ultimately provided certain information regarding them. With respect to the Defendant John Doe #3, Yelp provided a user-submitted name, the IP address connected with the review, and the reviewer's Gmail address. Unfortunately, the name provided by Yelp appears to be fake. Further, the provided IP address indicates that the defendant was either in a foreign country while posting the review, or used a Virtual Private Network ("VPN") in order to mask their identity.

However, our firm has conducted additional diligence on the matter, and we believe that Google will have the information that can positively identify Defendant John Doe #3. Accordingly, as the Court's February 14, 2020 Order did not specifically allow Plaintiffs to subpoena defendants' email providers, Plaintiffs request that the Court permit them to serve Google pursuant to Rule 45 in order to identify the defendant.

**I.   Good Cause Exists to Grant Expedited Discovery to Determine the Identify of Defendant John Doe #1.**

As Plaintiffs discussed more fully in their previous request for expedited discovery (ECF Doc. No. 4), courts in this district and others "have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)); see *Malibu Media, LLC v. John Does 1-10*, No. 12 Civ. 1146 (JS) (ETB), 2012 WL 1020455, at *1 (E.D.N.Y. Mar. 26, 2012); *Pearson Educ., Inc. v. Doe*, 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012). Where a plaintiff has a potentially meritorious claim and no ability to enforce it, courts have found good cause for expedited discovery. See, e.g., *Digital Sin*, 279 F.R.D. at 241.

The information provided by Yelp.com alone is insufficient for Plaintiffs to identify Defendant John Doe #3. Yelp.com did not provide a mailing address or legal name for the defendant. Plaintiffs have attempted to use the information that was provided by Yelp.com to identify the defendant, but despite their best efforts, utilizing both business records and other resources available to them, they have been unable to do so. However, Plaintiffs are confident that Google will have the requisite information to identify and ultimately serve Defendant John Doe #3. Without this information from Google, Plaintiffs will be unable to proceed in the present action.

## CONCLUSION

Without leave to conduct expedited discovery with regard to Google, Plaintiffs have no way to prevent Defendant John Doe #3 from continuing his or her defamatory and harmful activity. Accordingly, Plaintiffs ask the Court for leave to conduct expedited discovery from Google for information and documents (excluding the contents of email communications) as

LEWIS & LIN LLC

necessary to learn the identity and contact information for Defendant John Doe #3. This will permit the Plaintiffs to amend the Complaint and serve the identified defendant.

Respectfully submitted,

David D. Lin

**Granted. SO ORDERED.**

Date: August 5, 2020
New York, New York

Mary Kay Vyskocil
United States District Judge

3